### 10244. WALTERS _v._ THE STATE.

STEPHENS, J. 1. Upon the trial of one charged with the offense of adultery and fornication the fact of marriage of the defendant may be proved by parol testimony. Such evidence to the effect that the defendant was a married man and had a wife and children was not inadmissible upon the ground that the marriage license or a certified copy thereof was the highest and best evidence.

2. The evidence as to the venue of the alleged crime was sufficient to authorize the jury to conclude that the offense was committed within the jurisdiction of the court.

3. The verdict was supported by the evidence, and no error of law was committed.

_Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur._

DECIDED APRIL 22, 1919.

Indictment for adultery and fornication; from Colquitt superior court—Judge Thomas. November 11, 1918.

The woman with whom it was alleged the offense was committed testified, among other things: "He [the defendant] had sexual intercourse with me. I do not know what county it was in. I think it was in Colquitt county. Jackson is in Colquitt county. This was near Jackson. . . I think the place of the sexual intercourse was within two miles of Jackson." "I think he is a married man. He has a wife and children. I am a single woman." The testimony of this witness that the defendant "is a married man" and "has a wife and children" was admitted over the objection stated in the foregoing decision. Another witness testified: "I think General Walters [the defendant] is a married man. There is no point within five miles of Jackson that is outside of Colquitt county, Georgia." Cited by counsel as to proof of marriage: 62 _Ga._ 406-7; 6 _Ga. App._ 104-5; 9 _Ga. App._ 827.

_Louis F. Maire, W. B. Ragan,_ for plaintiff in error.

_C. E. Hay,_ solicitor-general, contra.